UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN AUTO BROKERS ON LINE, LLC, ET AL. | * | CIVIL ACTION |
| | * | NO. 23-1885 |
| VERSUS | | |
| | * | SECTION "T" DIV. (2) |
| J&P SOUTHEASTERN AUTO BROKERS, LLC, ET AL. | | |

## ORDER AND REASONS

Before me is a Motion for Leave to Amend filed by Plaintiffs American Auto Brokers On Line, LLC and Melissa Carusso Carter. ECF Nos. 21, 26. This motion was scheduled for submission on August 23, 2023. ECF Nos. 21-2, 25. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, August 15, 2023. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiffs seek to amend their Complaint to address the issues raised in Defendants' Motion to Dismiss, specifically to provide additional factual allegations regarding personal jurisdiction and the causes of action asserted. ECF No. 21—1-2; *see also* ECF No. 9. Plaintiffs sought to amend within 21 days of Defendants' filing of the motion to dismiss, and thus, were entitled as of right to amend their complaint, even without obtaining leave of court pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. In the event that leave would be required, the court has not yet entered a scheduling order and thus the request would be governed by FED. R. CIV. P. 15(a)'s standard rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b). *See S &*

1

*W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

No Defendant filed an Opposition to Plaintiffs' motion. Moreover, given the early stage of this case and the absence of any reason to oppose the motion, there is no "substantial reason" to deny Plaintiffs' request for leave to amend under Rule 15(a).

---

[1] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872.

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiffs' Motion to Amend (ECF No. 21) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiffs' Proposed Amended Complaint (ECF No. 26-1) into the court record.

New Orleans, Louisiana, this 23rd day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE