UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN AUTO BROKERS ON LINE, LLC, ET AL. | * | CIVIL ACTION |
| | * | NO. 23-1885 |
| VERSUS | | |
| | * | SECTION "T" (2) |
| J & P SOUTHEASTERN AUTO BROKERS, LLC, ET AL. | * | |

**ORDER AND REASONS**

Pending before me is Plaintiffs American Auto Brokers On Line, LLC ("American Auto") and Melissa Carusso Carter's Motion to Compel. ECF No. 46. The motion was scheduled for submission on November 29, 2023. As of this date, Defendants have not filed any Opposition Memoranda, and the deadline for same expired on Tuesday, November 21, 2023. *See* E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, the lack of opposition, and the applicable law, Plaintiff's Motion to Compel (ECF No. 46) is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff American Auto is a Louisiana-based wholesale used automobile business founded by James E. Carter. American Auto established a line of credit with certain financial institutions including Automotive Finance Corporation, which line of credit was guaranteed by Carter and his wife, Plaintiff Melissa Caruso Carter. ECF No. 32 ¶¶ 6-7. Plaintiffs allege that they worked in concert with the "Southeastern Enterprise" (Defendants J&P Southeastern Auto Brokers, LLC, Southeastern Auto Brokers, Inc., Crechale Auction & Sales, LLC, John Crechale, and Elizabeth Crechale) to purchase automobiles for the benefit of the other. *Id.* ¶ 15. In furtherance of the arrangement, the parties entered into an agreement whereby Defendants could use lines of credit

1

established by American Auto with finance companies.  *Id*. ¶ 16.  After Defendants allegedly took advantage of their access to Plaintiffs' lines of credit, failed to pay American Auto as agreed, and otherwise violated the agreement, Plaintiffs filed suit against them alleging breach of contract, conversion, non-sufficient funds, fraud and conspiracy, detrimental reliance, and racketeering.  *Id*. ¶¶ 17-25, 37-101.

### A. Outstanding Discovery and Withdrawal of Defense Counsel

Plaintiffs' Rule 37.1 certificate reflects that, on November 7, 2023, after multiple attempts to obtain outstanding discovery responses, their counsel attempted to confer with defense counsel, who advised that he had filed a Motion to Withdraw, was no longer authorized to speak on behalf of Defendants, that Defendants were requesting 60 days to retain new counsel, that he had no further information to provide on Defendants' discovery responses, and that he did not know when such discovery responses would be provided.  ECF No. 46 at 2.  On November 22, 2023, Judge Guidry granted the Motion to Withdraw and ordered Defendants to enroll new counsel by December 20, 2023, noting that the corporate defendants must have counsel to represent their interests in federal court litigation if they wish to proceed in this action.  ECF No. 51.  Judge Guidry also indicated that he would presume the individuals wish to proceed *pro se* if they failed to retain counsel by the deadline, and the parties must abide by all current deadlines, including those set forth in the July 12, 2023 Scheduling Order (ECF No. 11).  *Id*. at 2.

### B. The Motion to Compel

Plaintiffs seek to compel Defendants' production of initial disclosures, responses to interrogatories and requests for production, and "proper" answers to requests for admission.  ECF No. 46-1 at 1.  Plaintiffs assert that the Scheduling Order required exchange of initial disclosures no later than July 26, 2023, but Defendants have failed to provide same despite repeated requests.  *Id*. at 2.  Likewise, Plaintiffs issued discovery requests on September 29, 2023, rendering same

due on October 30, 2023, but Defendants have not provided answers to Plaintiff's interrogatories or requests for production. *Id*. at 3.  As such, Plaintiffs requests that the court compel responses within 15 days, award reasonable attorney fees and costs, and prohibit Defendants from presenting evidence in defense of any claims or in support of any defenses and/or that a default judgment be entered in the event that the discovery responses are not timely provided. *Id*.

As to the requests for admission, Plaintiffs argue that some of Defendants' responses are insufficient under Rule 36 because they do admit or deny the statement but instead reflect that, "after making a reasonable inquiry, the information known or readily obtainable by [Defendant] is insufficient to enable it to admit or deny" the Request. *Id*. at 4-6.  Plaintiffs also dispute Defendants' denial of certain statements, arguing that same are "dubious" given various portions of Defendants' pleadings. *Id*. at 6.

## II.    LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]  A review of the filing reflects that the motion has merit as to the failure to provide initial disclosures, interrogatories, and requests for production.  Plaintiff issued discovery on September 29, 2023, and despite repeated requests, Defendants have not provided responses to these requests.  ECF Nos. 46, 46-3 at 1, 46-4 at 16.  Additionally, despite the governing Scheduling Order requiring initial disclosures be issued by July 26, 2023, Defendants have not yet provided the disclosures. *See* ECF Nos. 11 at 1, 46-3 at 1.  Accordingly, Defendants will be compelled to provide this outstanding discovery.

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc*., 6 F.3d 350, 356 (5th Cir. 1993).

### A.     Rule 36 – Requests for Admission

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[2] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[3] Requests for admissions allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[4] Although Rule 36 requests for admissions differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A). The Fifth Circuit has explained that Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[5] Requests for admissions are properly used for facts or facts as applied to law, but not for pure legal conclusions.[6] A legally related request for admission must connect the relevant legal proposition to specific facts and circumstances of the case.[7]

Rule 36 instructs litigants how to answer and object to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party

---

[2] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).
[3] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
[4] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (citing 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2254 (1994)).
[5] *In re Carney*, 258 F.3d 415 (5th Cir. 2001) (citations omitted).
[6] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (citing *Warnecke v. Scott*, 79 F. App'x 5 (5th Cir. 2003) (citing *In re Carney*, 258 F.3d at 418; 8A WRIGHT, MILLER & CANE, FEDERAL PRACTICE & PROCEDURE § 2255 & n. 8 (2003) (collecting cases)).
[7] *See* FED. R. CIV. P. 36 advisory committee notes to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); *see also Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015).

4

> qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4). Rule 37 does not, however, provide for a motion to compel answers to Rule 36 requests for admission nor does it contemplate a motion to deem requests admitted.[8] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served and, if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer. *Id.*

**B. Sufficiency of Responses**

Plaintiffs request that this Court order Defendants to respond "truthfully" to their requests for admission given certain "dubious" denials that are inconsistent with certain of Defendants' allegations and affirmative defenses. As a general rule, a denial is an appropriate response when a responding party believes that the statement at issue is untrue.[9] As such, Defendants' denials technically comply with Rule 36 and the court will not order their amendment. Defendants are reminded, however, that, should Plaintiffs later prove the genuineness of the truth of the matter requested, the court may order Defendants to pay the costs associated with making that proof.[10]

Plaintiffs also seek to compel "proper answers" to Requests for Admission,[11] arguing that that Defendants should "be made to respond to the request fully and truthfully or provide a listing

---

[8] *VeroBlue Farms USA, Inc. v. Wulf*, No. 19-764, 2021 WL 5176839 (N.D. Tx. Nov. 8, 2021).
[9] *United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).
[10] FED. R. CIV. P. 37(c)(2); *see also McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP* 243 F.R.D. 1, 7 (D.D.C. 2007) (citation omitted); *Dickie Brennan & Co., Inc. v. Lexington Ins. Co.*, No. 09-3866, 2010 WL 11538535, at *5 (E.D. La. Feb. 10, 2010) (Wilkinson, M.J.)
[11] ECF No. 46-1 at 1.

of the steps made in its 'reasonable inquiry.'" This request will be construed as a motion to determine the sufficiency of an answer.[12]

Defendants have asserted lack of knowledge or information as a reason for failing to admit or deny several statements. Given that these assertions are accompanied by statements that they have "made reasonable inquiry" and that the information they know "or can readily obtain is insufficient to enable" them to admit or deny, they have technically complied with Rule 36.[13] A review of the requests at issue, however, reflects that many of the requests for which Defendants have claimed an inability to admit or deny should be answerable by performing a simple review of bank account and business records. For example, several requests ask for admission that certain checks issued by a given Defendant to Plaintiff were dishonored for nonsufficient funds and not replaced with valid checks.[14] Information regarding Defendants' checks returned for insufficient funds should be in their bank records. Other requests likewise seek admission or denial of basic factual information, including whether a Defendant owed a certain amount of money,[15] whether a Defendant acquired a specific vehicle without payment,[16] and whether a Defendant entered specific agreement with Plaintiffs.[17] Further, many requests directed to the individual Defendants ask for simple admissions or denials of authorization to act on corporate Defendants' behalf[18] while others involve the individual's knowledge at a certain point in time.[19]

While a court typically does not delve into the veracity of a response to request for admission, when review of the response reflects an utter failure to undertake even a basic review

---

[12] *VeroBlue Farms USA, Inc. v. Wulf*, No. 19-764, 2021 WL 5176839 (N.D. Tx. Nov. 8, 2021).
[13] FED R. CIV. P. 36(a)(4).
[14] *See, e.g.,* J & P Requests for Admission (RFAs) Nos. 1, 2, ECF No. 46-4 at 6-7; SEAB RFAs Nos.1, 2, ECF No. 46-4 at 22-23)
[15] *See, e.g.,* J & P RFA No. 3, ECF No. 46-4 at 6-7; SEAB RFA No. 3, *id.* at 23
[16] *See, e.g.,* SEAB RFA No. 4, ECF No. 46-4 at 23; CAS RFA No. 1, *id.* at 39.
[17] *See, e.g.,* SEAB RFA No. 5, ECF No. 46-4 at 23; CAS RFA No. 5, *id.* at 40
[18] *See* John Crechale RFA Nos. 3-4, ECF No. 46-4 at 64; Elizabeth Crechale RFA Nos. 1, 3, 4, 6, *id.* at 66-68.
[19] *See* Elizabeth Crechale RFA Nos 8, 11, ECF No. 46-4 at 66-68.

of one's own records before responding, finding the response insufficient is in order.  Accordingly, pursuant to Rule 36(a), Defendants must amend their answers to either admit, deny, or, if an affirmative answer cannot be provided, list each action in the requisite "reasonable inquiry" performed that resulted in the nonresponse.

## C. **CONCLUSION**

Defendants' discovery responses are for the most part either insufficient or completely absent.  Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 46) is GRANTED IN PART AND DENIED IN PART as stated herein.  This Order reserves to Defendant the right to file an appropriate motion, with supporting documentation, to recover fees and costs in incurred in filing the motion in accordance with FED. R. CIV. P. 37(a)(5).

IT IS FURTHER ORDERED that, given the district court's December 20, 2023 deadline by which Defendants must enroll new counsel or (as to the individual Defendants) proceed *pro se*, all Defendants must provide initial disclosures and full and complete responses and/or supplemental responses to Plaintiffs' discovery requests  no later than WEDNESDAY, JANUARY 10, 2024.

New Orleans, Louisiana, this ___30th___ day of November, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE