## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN AUTO BROKERS ON LINE, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1885** |
| **J&P SOUTHEASTERN AUTO BROKERS, LLC, ET AL.** | **SECTION "O"** |

### ORDER AND REASONS[1]

Before the Court is the Motion to Stay filed by Defendants J&P Southeastern Auto Brokers, LLC, Southeastern Auto Brokers, Inc., Crechale Auctions & Sales, LLC, John Crechale, and Elizabeth Crechale (collectively "Southeastern" or "Defendants").[2] Plaintiffs American Auto Broker On Line, LLC ("AABO") and Melissa Caruso Carter, in her individual capacity, as the Independent Administratrix of the Succession of James Edmund Carter, and as the surviving natural tutrix of her minor children with James Edmund Carter (collectively



[2] ECF No. 71 (redacted); ECF No. 70-6 (unredacted, under seal).

"Plaintiffs"), filed an opposition to this motion.[3] Defendants submitted a reply.[4] For the reasons below, Defendants' Motion to Stay is **DENIED.**

## I.  BACKGROUND

Both AABO and Southeastern were in the business of wholesale and retail used automobile sales.[5] According to the First Amended and Supplemental Complaint, AABO, through its founder James Edmund Carter, and the Southeastern entities, through John Crechale and Elizabeth Crechale, routinely bought and sold automobiles with one another.[6] AABO had an established line of credit with Automotive Finance Corporation ("AFC") and used the line of credit to finance automobile purchases.[7] According to Plaintiffs, AABO and Southeastern entered an agreement whereby Southeastern used AFC and other finance companies to purchase automobiles under AABO's name and using AABO's line of credit.[8] In exchange, Southeastern agreed to pay AABO the amount of the purchase and a profit on the sale, as well as any costs incurred by AABO.[9]

This litigation arises largely out of Southeastern's alleged failure to pay AABO approximately $1.6 million as required under the agreement.[10] AABO also alleges that the resulting financial pressure on AABO caused James Edmund Carter to take his own life in August 2022.[11]

---

[3] ECF No. 78 (redacted); ECF No. 77-3 (unredacted, under seal).
[4] ECF No. 80 (redacted); ECF No. 79-4 (unredacted, under seal).
[5] ECF No. 32 ¶¶ 6, 8.
[6] *Id.* ¶¶ 9, 15.
[7] *Id.* ¶ 7.
[8] *Id.* ¶ 16.
[9] *Id.*
[10] *Id.* ¶¶ 17, 19–21.
[11] *Id.* ¶ 31.

## II.    PRESENT MOTION

Defendants have filed a motion to stay the instant proceedings, ███████████
████████████████████████████████████████████████████████████████████████

████████████████████████████ Defendants point to certain facts supporting its

motion. ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

        ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

_____

██████████
██████
████
██████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

    ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

### III.   LAW AND ANALYSIS

    ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

    ██████████████████████████████████████████

        ███████████████

    ██████████████████████████████████████████

        ███████████████

    ─────────────────────

    ████████
    ████████████████████
    ██████████





████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

**C. Plaintiff's Interest**

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

_____

██████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███

### E. The Court's and the Public's Interests

"The Court has interests in judicial economy and expediency." *Doe v. Morris*, No. CIV.A. 11-1532, 2012 WL 359315 at *2 (E.D. La. Feb. 2, 2012). Such considerations are in line with Plaintiffs' interest in the expeditious resolution of their claims. ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

IV.    CONCLUSION

On balance, Defendants have not met their burden ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay (ECF No. 70) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal (ECF No. 77) and Defendants' Motion to Seal (ECF No. 79) are **GRANTED** because they contain information regarding ████████████████ This Order in unredacted form shall be filed on the record under seal and the clerk will provide unredacted copies to both Plaintiffs' and Defendants' counsel.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue Trial and Pre-Trial Deadlines (ECF No. 67) is **GRANTED.** The Court's Case Manager will notice a Scheduling Conference to select new deadlines.

New Orleans, Louisiana, this 29th day of February, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE